**STATE of Missouri, Respondent,**

v.

**W.T. McLAURIN, Appellant.**

**No. 43993.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

James W. Whitney, Jr., Clayton, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found W.T. McLaurin guilty of attempted burglary. Sections 564.011 and 569.170, RSMo 1968. The trial court sentenced him as a persistent offender to five years in prison.

Defendant contends here the court erred because given instructions MAI–CR 2d 18.-02 and 33.01 failed to submit "any specific crime the defendant intended to commit after entering the building".

The state's evidence: Two police officers had staked out a truck terminal when defendant climbed a fence; he opened an office door but did not enter. As the police got out of their car defendant fled but was arrested outside the terminal fence.

We deny defendant's claim that no "specific crime" was submitted to the jury. After hypothesizing other pertinent facts the verdict director required the jury to find defendant's "conduct was a substantial step toward the commission of the crime of burglary..." This accords with the two cited statutes defining *burglary* as forcible entry "for the purpose of committing a crime" and *attempt* as an act which is a "substantial step" toward committing the charged offense.

Both sides cite the attempted burglary case of *State v. Carter*, 541 S.W.2d 692 (Mo.App.1976). Defendant argues that case held the state failed to prove an intent to steal. We do not agree. Affirming, the court held: "Since intent is a state of mind, there is no direct proof of it. Thus the rule is that intent may be inferred from the circumstances...and becomes a question of fact for the jury."

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.