Stevenson HAMM, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53237.

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 27, 1988.

Application to Transfer Denied
June 14, 1988.

James S. McKay, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty by the court of attempted first degree burglary and sentenced as a persistent offender to 12 years' imprisonment. We affirmed in *State v. Hamm*, 660 S.W.2d 361 (Mo.App.1983).

Movant filed a Rule 27.26 motion, amended following appointment of counsel, in which he challenged the trial court's jurisdiction and his trial attorney's effectiveness. In his jurisdictional challenge movant alleged the state's amended information "failed to set forth what crime movant might have intended to commit [in the building] ... [and it] was fatally defective in charging Attempted Burglary First Degree for the purpose of committing 'burglary' in that it was redundant and failed to adequately inform movant of the intent required for commission of the crime purportedly charged." [1]

Concerning his attorney's performance, movant alleged that during their first two meetings, counsel informed him that he could receive a plea bargain for a term of one year, to be served concurrently with a sentence he was already serving; just prior to trial, counsel informed movant that the plea bargain would be for seven years; movant rejected the seven-year offer as well as a subsequent offer of six years; and counsel advised movant that he might receive less than six years imprisonment if he waived a jury trial. Movant also alleged counsel was unprepared for trial because he filed no written pre-trial motions; he made no effort to challenge or clarify the amended information; he made no effort to investigate witnesses who could have testified about movant's drug intoxication or

his state of mind at the time of the offense; and he made no effort to interview the state's witnesses prior to trial. As a result, movant alleged, his trial counsel "acted as a mere agent for plea bargaining and failed to provide the customary skill of a reasonably competent attorney...."

In denying the motion without an evidentiary hearing, the court stated that "Movant raises no issues cognizable in a Supreme Court Rule 27.26 motion, and also simply alleges mere conclusions."

On appeal, movant alleges the motion court was clearly erroneous in denying his claim that the trial court lacked jurisdiction to try the attempted burglary charge because the amended information was "fatally defective." Movant is correct that his jurisdictional challenge is permissible; the sufficiency of an indictment or information is jurisdictional and may be raised for the first time in a Rule 27.26 proceeding. *Blackmon v. State*, 639 S.W.2d 127, 128 (Mo.App.1982). Movant, nevertheless, does not prevail on this point.

Rule 23.01(b) sets forth the requirements for an information, and an information that is substantially consistent with the forms of indictments or informations approved by the Missouri Supreme Court is deemed to comply. Rule 23.01(e); *State v. Reese*, 687 S.W.2d 635, 637 (Mo.App.1985). The amended information closely followed the language of MACH–CR 18.02. The gist of movant's allegation of error is that the information should have identified the crime he intended to commit once he gained entry to the building. Had movant been charged with burglary, his argument would have merit; however, movant was charged with attempted burglary. Unlike MACH–CR 23.50, Burglary in the First Degree, MACH–CR 18.02 does not require identifi-

---

1. In the amended information, the state charged that movant
   in violation of § 564.011, RSMo, committed the Class C felony of an attempt to commit the offense of burglary first degree ... in that on January 20, 1982, at approximately 1:20 p.m. at 2106 McLaren, in the City of Jennings, County of St. Louis, State of Missouri, the [movant] attempted to gain entrance to the inhabitable structure, located at 2106 McLar-

en by prying open the basement door with a screwdriver and a pry bar, and present inside said inhabitable structure was Lorraine Biegener, a person who was not a participant in the crime, and such conduct was a substantial step towards the commission of the crime of burglary first of such inhabitable structure, and was done for the purpose of committing such burglary.

cation of the offense a defendant intended to commit inside the building. *See also State v. Echols,* 742 S.W.2d 220, 223 (Mo. App.1987).

■ Although the motion court denied relief to movant on the jurisdictional issue for the reason that his claim was "not cognizable" in a Rule 27.26 proceeding, the court reached the right result. When a motion court reaches a correct result, it is immaterial that it might have assigned an erroneous reason for its ruling. *Jones v. State,* 604 S.W.2d 607, 609 (Mo.App.1980).

■ Movant also claims the motion court was clearly erroneous in denying his motion without holding an evidentiary hearing because he stated "facts, not conclusions, which, if true, would entitle him to relief under Rule 27.26." To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

■ To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel has a duty to make a reasonable investigation, including contacting potential witnesses named by the defendant who might aid his defense. *Bohlen v. State,* 743 S.W.2d 425, 428 (Mo.App.1987). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

Because the amended information was not defective, allegations related to counsel's failure to challenge the information are without merit. In his other allegations concerning counsel's alleged lack of preparation for trial, movant fails to make the

necessary factual allegations. He does not allege how unspecified written pre-trial motions or interviews with state witnesses would have aided his defense. *See Thomas,* 736 S.W.2d at 519. Movant does not allege that he informed counsel about the purported witnesses who could have testified about his intoxication or state of mind. *See Bohlen,* 743 S.W.2d at 428. Moreover, in his testimony at trial, movant stated that he was "trying to steal something" and he "wasn't out just to break in." In light of these admissions, we do not believe the testimony of the witnesses would have aided movant's defense. *Id.*

■ Remaining is movant's claim that counsel acted as "a mere agent for plea bargaining." In a proper case and under the proper circumstances, an attorney who engaged solely in plea bargaining is not ineffective. *See Hall v. State,* 496 S.W.2d 300, 304 (Mo.App.1973). Movant has not alleged facts that would cause us to conclude this was not a proper case for plea bargaining alone.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.