STATE of Missouri, Respondent,

v.

Edward TRAMBLE, Appellant.

No. 54935.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 25, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 23, 1991.

Application to Transfer Denied
Sept. 10, 1991.

Melinda Kay Pendergraph, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction for attempted second degree burglary, for which he was sentenced as a prior and persistent offender to a term of seven years' imprisonment. We affirm.

The sufficiency of the evidence to sustain defendant's conviction is in dispute. Viewed in a light most favorable to the verdict, the evidence adduced at trial is as follows. On Saturday, December 12, 1987, Terry Lehman was working on the second floor of the Bi–State Building at 707 North First Street in St. Louis. At about 1:30 that afternoon, she was working in a cubicle on the second floor next to the fire exit door. She heard a noise coming from beyond the door in the fire exit stairwell. After putting her ear to the fire exit door and hearing more loud noises, she quietly opened the door.

She saw defendant using a hanger to try to pick the lock of the fire exit door in the next building, the Rader Building at 717 North First Street. She quietly closed the door and called down to the security guard to come upstairs. The security guard came up the elevator to the second floor and Ms. Lehman told him what she had seen. The

security guard then opened the fire exit door and saw defendant still trying to pick the lock of the Rader's door with a hanger. The security guard ordered defendant to freeze. Defendant dropped the hanger and tried to run down the fire exit stairwell. The security guard then pulled out his revolver and stepped between the stairwell and defendant and ordered defendant to turn around and put his hands on the door. Defendant complied.

The security guard told Ms. Lehman to call for his partner and when he arrived they handcuffed defendant and took him downstairs to wait for the police. The security guard also picked up a black briefcase and a hammer which had been laying on the steps next to defendant. The security guard asked defendant what he had been doing and defendant replied he was looking for a job. Defendant further stated the security guard had set him up. The security guard then asked him why he was using a coat hanger on the lock of the door and defendant replied that he didn't have a coat hanger behind the lock. Later, defendant told the security guard that "you can let me go, man, because I won't do this no more." When asked by the arresting police officer what he was doing with a hammer and a hanger he responded he just carried them with him. Defendant also told the police officer that the security guard was lying and that the security guard had set him up.

The Rader Building at 717 North First Street has retail shops on its first floor. A restaurant named The Spaghetti Factory is located in the basement of that building. Various business tenants, such as Ralston Purina and Broadcast Music, Inc., are located on the second floor of the Rader Building. Generally, those business tenants are not open for business on Saturday. The retail shops located on the first floor and The Spaghetti Factory are also not open to the public on Saturday afternoons. No employment offices are located on the second floor of the Rader Building, and no businesses were accepting job applications on that Saturday. Defendant did not have permission from the building manager to enter the Rader building on that day.

■ In his first point on appeal, defendant contends the trial court plainly erred in submitting the verdict director for attempted burglary. Defendant argues that instruction failed to require the jury to find every fact necessary to constitute the essential elements of the charged offense, in that the instruction's definition of second degree burglary did not include a specific object crime which defendant intended to commit once inside the building. Defendant made no objection to the instruction at trial, nor did he include any error with regard to this instruction in his motion for new trial. Defendant therefore asks for plain error review under Rule 30.20. We find there was no plain error because the specific crime defendant intended to commit once inside the building is not a required element of attempted burglary. *State v. Echols*, 742 S.W.2d 220, 221[1] (Mo.App.1987); *Hamm v. State*, 750 S.W.2d 528, 529–530[2] (Mo.App.1988). Point denied.

■ In defendant's second point, he claims the evidence was insufficient to convict him of attempted burglary in the second degree, in that there was no evidence establishing what crime, if any, defendant intended to commit once inside the building. The evidence of defendant's guilt was sufficient in that he was caught in the act of attempting to pick the lock, and was in possession of a hammer at the time. His intent was obviously to commit a crime once inside the building. He was charged in accordance with *Echols* and *Hamm*, and the evidence sustained the charge. Point denied.

In his third point, defendant asserts the trial court erred in failing to declare a mistrial after the prosecuting attorney made a direct reference to defendant's failure to testify. In his closing argument, the prosecutor stated: "only Mr. Tramble, sitting at the table, knows for sure what crime he was going to commit inside the building." Defendant asserts this comment was designed specifically to draw the jury's attention to defendant's failure to testify.

Defense counsel made no objection at trial to the prosecutor's comment, and failed to include it as an allegation of error in his motion for a new trial. *State v. McMillin*, 783 S.W.2d 82, 98[31] (Mo. banc 1990), *cert. denied*, — U.S. —, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990). Relief should rarely be granted on assertions of plain error as to closing argument. *State v. Clemmons*, 753 S.W.2d 901, 907–908[6, 7] (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). We do not believe the prosecutor's comment had a decisive effect on the jury.

In his fourth point, defendant contends the trial court erred in submitting the "reasonable doubt" instruction, MAI-CR 3d 302.04. Specifically, defendant claims the use in the instruction of the phrase "firmly convinced of defendant's guilt" in defining "reasonable doubt" unconstitutionally lowers the State's burden of proof in a criminal case. Defendant asks that his claim be reviewed for plain error in light of the recent United States Supreme Court case of *Cage v. Louisiana*, — U.S. —, 111 S.Ct. 328, 330[3–4], 112 L.Ed.2d 339 (1990), which found that the reasonable doubt instruction in that defendant's case allowed a jury to find guilt based on a degree of proof below that required by the due process clause. However, *Cage v. Louisiana* did not change Missouri law. In *State v. Antwine*, 743 S.W.2d 51, 62–63 [12] (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), our Missouri Supreme Court stated that the "firmly convinced" language is intended to assist lay jurors in their understanding of a legal phrase "beyond a reasonable doubt." "Firmly convinced" is essentially synonymous with "beyond a reasonable doubt." *Id.* We find little in *Cage v. Louisiana* to cause us to transfer this case for the Missouri Supreme Court to review. Point denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.