STATE of Missouri, Respondent,

v.

Ervin Dee NOLAN, Jr., Appellant.

Ervin NOLAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 75972.

Supreme Court of Missouri,
En Banc.

March 22, 1994.

William J. Swift, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

THOMAS, Judge.

Ervin Nolan was charged as a persistent offender with attempted burglary in the second degree, a class D felony. § 558.016.3, RSMo Supp.1992; §§ 564.011, 569.170, RSMo 1986. A jury convicted Nolan of the charge, and the trial court sentenced him to seven years in the department of corrections. Nolan appealed his conviction and the denial of post-conviction relief. The court of appeals reversed and remanded. The State sought and this Court ordered transfer pursuant to Rule 83.03. We affirm.

### I.

Nolan lived in an older house that had been converted into an apartment building. William McKernan and his adult son, Kenneth, lived in the adjoining apartment in the same building. Nolan had lived in the building for approximately one month, and the neighbors were not acquainted. Kenneth had never seen Nolan.

The two apartments shared a common wall. In this wall was a doorway, which had been covered with plywood. Above the door was a transom that was nailed shut.

On December 26, 1990, Nolan came to the door of the McKernans' apartment and asked to use their telephone. William handed the telephone to Nolan in the hallway. Kenneth could not see Nolan from where he was seated. William overheard Nolan asking for help starting his car and offered to help. The two went down to the parking lot.

When they got to the parking lot, the two discovered that neither had jumper cables. Nolan left to get cables. William waited three to five minutes and then left to go to the hospital where his daughter was having surgery.

Five or ten minutes after William left, Kenneth was watching television and heard someone insert a key in the lock of the door to the McKernans' apartment. Kenneth looked under the door and saw a pair of shoes. He saw the shoes go into Nolan's apartment, return to the hallway, and go back into Nolan's apartment.

Kenneth then heard someone pushing against the plywood at the old doorway between the apartments. He then heard a scraping followed by a loud pop and cracking. Kenneth went to call the police. On the way to the phone, Kenneth saw Nolan with one hand holding the transom open, with his other hand on the sill, and with his head sticking through into the McKernans' apartment.

Kenneth asked Nolan what was going on, and Nolan replied that he was trying to get the transom shut. Kenneth accused Nolan of trying to break in and closed the transom. When the police arrived, Nolan gave varying explanations revolving around hanging a tapestry for why he was at the transom. The officers found pry marks on the transom and arrested Nolan.

### II.

#### A.

The first issue before the Court is whether the trial court erred when the verdict director failed to specify in the definition of burglary the crime that it was Nolan's purpose to commit when he allegedly attempted burglary. The State submitted only on attempted burglary. MAI–CR 3d 304.06, the pattern for an attempt verdict director, and the pertinent Notes on Use read:

**304.06 ATTEMPTS**

(If you do not find the defendant guilty (under Count ___) of [*name of offense*], you must consider whether he is guilty of an attempt to commit [*name of offense*].)

(As to Count ___, if) (If) you find and believe from the evidence beyond a reasonable doubt:

First, that (on) (on or about) [*date* ], in the (City) (County) of _____, State of Missouri, the defendant [*Briefly describe the conduct which would constitute the attempt.*], and

Second, that such conduct was a substantial step toward the commission of the offense of [*Name of offense with sufficient details to identify person or property involved, e.g., rape upon Susan Doe or burglary of specific building.*], and

Third, that defendant engaged in such conduct for the purpose of committing such [*name of offense* ],

then you will find the defendant guilty (under Count ___) of an attempt to commit [*name of offense* ].

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

(A person commits the crime of [*name of crime* ] when he [*Insert definition of crime including all elements thereof.*] )

As used in this instruction, the term "substantial step" means conduct which is strongly corroborative of the firmness of the defendant's purpose to complete the commission of the offense of [*name of offense* ]. (It is no defense that it was factually or legally impossible to commit [*name of offense* ] if such offense could have been committed had the circumstances been as the defendant believed them to be.)

If you do find the defendant guilty (under Count ___) of (an attempt to commit) (attempted) [*name of offense* ], you will assess and declare one of the following punishments: [*Insert range of punishment as directed in MAI–CR 3d 304.02.*]

### Notes on Use

\* \* \* \* \* \*

3. In general, an attempt crime may be submitted as an included offense of the completed crime. Section 556.046.1(3), RSMo 1986. If both the completed offense and the attempt crime are submitted, *all essential elements of the crime which was*

*the object of the attempt* will have been set out in the instruction on the completed crime. In such case the *object crime* need not be defined in the optional paragraph provided in this instruction unless either party makes a written request in proper form. If such request is made, the optional paragraph must be submitted.

4. *If the attempt crime is submitted but the object crime is not submitted, the optional paragraph defining the object crime must be given, whether the definition is requested or not.* If the object crime is defined in the optional paragraph, words and phrases used in the verdict directing pattern for the defined crime may also be included. Mandatory definitions that appear in the verdict directing form or in Notes on Use must be inserted in the definition in subsequent paragraphs. Optional definitions may be included upon written request in proper form by the state or by the defendant or on the Court's own motion.

MAI–CR 3d 304.06 (emphasis added).

The optional paragraph of MAI–CR 3d 304.06 that Notes on Use 3 and 4 refer to is the paragraph above that is enclosed in parentheses and reads as follows:

(A person commits the crime of [*name of crime* ] when he [*Insert definition of crime including all elements thereof.*] )

The "object crime" referred to in Note on Use 3 is the crime that it is alleged was attempted; in this case, burglary in the second degree.

Neither MAI–CR 3d 304.06 nor its Notes on Use tell the drafter where to get the definition of the crime. However, Note on Use 2.D to MAI–CR 3d 333.00 DEFINITIONS does; it provides in part:

If a definition of a crime is required . . . use the definition of that crime as it appears in MAI–CR 3d 333.00. If the crime is not defined in MAI–CR 3d 333.00, an appropriate definition of the crime shall be drafted and submitted to the court for approval. For guidance, an examination of the appropriate statute is suggested, as well as any applicable verdict directing instruction and its Notes on Use.

*Id.* MAI–CR 3d 333.00 contains a definition of burglary. It provides:

A person commits the crime of burglary when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing [*Specify name of crime and, upon request, add the definition of the object crime to this definition.*].

*Id.* Here, the "object crime" is the crime that was the alleged purpose of the burglary. For clarity, we will refer to this as the "intended crime." This is consistent with terminology used in MAI–CR 323.54, the second degree burglary verdict director, and the Notes on Use. *See* MAI–CR 323.54.

The drafter in this case relied on the appropriate statute, quoting it verbatim:

A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

§ 569.170, RSMo 1986. If there was no definition of burglary in MAI–CR 3d 333.00, the drafter would be guided to the appropriate statute as well as the verdict director and its Notes on Use. MAI–CR 3d 333.00, Note on Use 2.D.

The verdict director given in this case did not use the definition of burglary as it appears in MAI–CR 3d 333.00. The definition in the verdict director seriously departed from the definition in MAI–CR 3d 333.00 by not specifying the intended crime of the burglary. The verdict director given is set out below with the troublesome paragraph in bold.

### INSTRUCTION· NO. 5

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 26th day of December, 1990, in the County of Buchanan, State of Missouri, the defendant opened a transom window between apartments # 2 and # 3 at 2734 Lafayette Street, St. Joseph, Missouri, and,

Second, that such conduct was a substantial step toward the commission of the offense of burglary in the second degree, and

Third, that defendant engaged in such conduct for the purpose of committing such burglary in the second degree,

then you will find the defendant guilty of an attempt to commit burglary in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

**A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.**

As used in this instruction, the term "substantial step" means conduct which is strongly corroborative of the firmness of the defendant's purpose to complete the commission of the offense of burglary in the second degree. It is no defense that it was factually or legally impossible to commit burglary in the second degree if such offense could have been committed had the circumstances been as the defendant believed them to be.

If you do find the defendant guilty of an attempt to commit burglary in the second degree, you will return a verdict finding him guilty of an attempt to commit burglary in the second degree.

### B.

Instruction No. 5 did not specify the intended crime of the burglary. The State cites five cases from the Missouri Court of Appeals, Eastern District, as support for the proposition that the State is not required to designate the intended crime of the burglary: *State v. Tramble*, 813 S.W.2d 83 (Mo.App. 1991); *Hamm v. State*, 750 S.W.2d 528 (Mo. App.1988); *State v. Echols*, 742 S.W.2d 220 (Mo.App.1988); *State v. Miller*, 692 S.W.2d 339 (Mo.App.1985); *State v. McLaurin*, 673 S.W.2d 445 (Mo.App.1982). All except *Tramble* were decided under MAI–CR 2d. The former verdict director for attempt

crimes, MAI–CR 2d 18.02, did not contain the following optional paragraph that the current verdict director for attempt crimes requires in this case:

(A person commits the crime of [*name of crime* ] when he [*Insert definition of crime including all elements thereof.*] )

MAI–CR 3d 304.06. Under MAI–CR 2d, the definition of the object crime of the attempt was not required to be included. This is the major change in the attempt verdict director between MAI–CR 2d and MAI–CR 3d. This change distinguishes the present case from those decided under MAI–CR 2d 18.02. *Tramble's* reliance on those prior cases is misplaced. To the extent *Tramble* is inconsistent with this opinion, it is overruled.

### C.

Failing to follow MAI–CR or the Notes on Use is error. Rule 28.02; *State v. Livingston,* 801 S.W.2d 344, 348 (Mo. banc 1990). In the present case, the failure to specify the intended crime did not comply with MAI–CR 3d 333.00 and the Notes on Use and was error. However, the analysis does not end here.

### D.

 There was no objection at trial to the failure to specify the crime. This is consistent with Rule 28.03, which provides that objections to instructions in a criminal case may be raised for the first time in a motion for new trial.[1] *Id.* However, Nolan did not raise the issue in his motion for new trial either. Because the issue is raised for the first time on appeal, review is for plain error under Rule 30.20. *State v. Ervin,* 835 S.W.2d 905, 921 (Mo. banc 1992).

"For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or miscarriage of justice." *State v. Cline,* 808 S.W.2d 822, 824 (Mo. banc 1991). "Manifest injustice or miscarriage of justice" is not an easy phrase to define. "Indeed the cases give the distinct impression that 'plain error' is a concept appellate courts find impossible to define,

save they know it when they see it." 3A Charles Alan Wright, *Federal Practice and Procedure,* § 856 (1982). "[W]hether an appellate court should take notice of an error not raised below must be made on the facts of the particular case, and there are no 'hard and fast classifications in either the application of the principle or the use of a descriptive title.' " *Id.; accord Cline,* 808 S.W.2d at 824 ("The determination whether plain error exists must be based on a consideration of the facts and circumstances of each case."). In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict.

An analysis of the facts and circumstances in the present case shows that plain error did not result here. Under the instruction given, the jury found that Nolan intended to commit a crime. Though no particular crime was specified, in closing argument the prosecutor suggested that the jury could infer that the crime was stealing. Unlawful entry into a building containing items of value is sufficient to infer the intent to steal. *See State v. Washington,* 484 S.W.2d 267, 270 (Mo.1972); *State v. Bounds,* 785 S.W.2d 586, 588 (Mo. App.1990). The jury could infer a criminal purpose from the facts and circumstances of this case where Nolan was forcing his way into the neighboring apartment. This purpose to commit the crime of stealing is sufficient to support the attempted burglary conviction. Thus, based on the facts and circumstances, it is not apparent to this Court that the failure to specify the crime affected the jury's verdict. Therefore, the omission does not constitute manifest injustice, and there is no plain error.

This point is denied.

### III.

### A.

In his next point, Nolan contends that the motion court erred in overruling his claim of ineffective assistance of counsel in his Rule

---

1. Rule 70.03 contained a similar rule for civil cases prior to its recent amendment effective

January 1, 1994, requiring timely objections at trial.

29.15 post-conviction motion. Nolan asserts that he received ineffective assistance of counsel when his trial counsel did not preserve his claim of error that Instruction No. 5 did not specify the intended crime of the burglary.

■ "The movant [in a Rule 29.15 motion] has the burden of proving his grounds for relief by a preponderance of the evidence." Rule 29.15(h). Appellate review of the motion court's action on a Rule 29.15 motion is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(j). The findings and conclusions are clearly erroneous only if a review of the entire record leaves the reviewing court with a definite and firm impression that a mistake was made. *Clemmons v. State*, 785 S.W.2d 524, 527 (Mo. banc 1990), *cert. denied*, 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990).

■ To prevail on an ineffective assistance of counsel claim, a convicted defendant must show: first, that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances; and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984). This prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. If it is easier to dispose of a claim of ineffective assistance of counsel on the ground that there was not sufficient prejudice, a court should follow that course. *Sidebottom v. State*, 781 S.W.2d 791, 796 (Mo. banc 1989). There is no reason for a court to address both components of the test if the defendant fails to make a sufficient showing on one. *Id.*

### B.

■ As we discussed in Part II.D above, we believe that the most reasonable probability is that the jury was not affected by the omission from the instruction, and our confi-

dence in the outcome is not undermined. Therefore, as in *Sidebottom*, on the facts and circumstances of the present case, the basis for finding no manifest injustice defeats a finding of prejudice under the *Strickland* test for failure to preserve the claim of error in the omission from the instruction.

### C.

Having failed to show both components of the *Strickland* standard, Nolan has not established that he received ineffective assistance of counsel. Because we do not find that Nolan received ineffective assistance of counsel, we are not left with the definite and firm impression that a mistake was made and do not find that the post-conviction motion court's findings and conclusions are clearly erroneous.

This point is denied.

### IV.

■ In his final point, Nolan contends that the trial court erred when it refused to submit an alternative instruction for first degree trespass. Nolan asserts that first degree trespass is a lesser-included offense of second degree burglary. That may well be true, but Nolan was charged with *attempted* second degree burglary.

Section 556.046, RSMo 1986, provides that an offense is an included offense when:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(2) It is specifically denominated by statute as a lesser degree of the offense charged; or

(3) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein.

Subsection (1) is not applicable to this case. An element of first degree trespass is entering or remaining in a property unlawfully. § 569.140, RSMo 1986. Nolan was not charged with entering the apartment, but only with opening the transom window. First degree trespass requires proof of a fact that attempted second degree burglary does

not require. Therefore, first degree trespass is not an included offense of attempted second degree burglary. *See, State v. McTush,* 827 S.W.2d 184, 188 (Mo. banc 1992).

Subsection (2) does not apply here because the applicable statutes do not specifically denominate either offense as a lesser degree of the other. *See,* §§ 569.140; 569.170, RSMo 1986.

Subsection (3) is inapplicable because trespass, the potential lesser included offense, is not an attempt crime.

First degree trespass is not a lesser-included offense of attempted second degree burglary, and therefore the trial court did not err in refusing to submit the alternative instruction.

Point three is denied.

## V.

The judgments are affirmed.

All concur.