**STATE of Missouri, Respondent,**

v.

**Ronald THOMAS, Appellant.**

No. 71474.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 25, 1997.

Susan McGraugh, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ROBERT G. DOWD, JR., P.J., and SIMON and HOFF, JJ.

*ORDER*

PER CURIAM.

Ronald Thomas (defendant) appeals from his sentence and judgment, as a prior and persistent offender, of twelve years imprisonment entered on a jury verdict convicting him of one count of attempted robbery in the first degree in violation of Section 564.011 RSMo 1996. Defendant contends that the trial court plainly erred in submitting the verdict director for the offense of attempt to commit robbery in the first degree, patterned after MAI–CR 3d 304.06, to the jury because the instruction failed to sufficiently define the offense of robbery in the first degree as required by MAI–CR 3d 304.06. Defendant contends the verdict directing instruction contained a definition of robbery in the first degree copied from Section 569.020 RSMo 1996. We note that defendant did not object to the instruction during the instruction conference nor did he raise this claim in his motion for new trial. Therefore, our review is limited to plain error.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find that no manifest injustice resulted from the submission of this instruction. Neither MAI–CR 3d 304.06 nor its Notes on Use instruct the drafter of the instruction where to get the definition of the crime alleged to have been attempted, but the Notes on Use 2.D of MAI–CR 3d 333.00, "DEFINITIONS," instruct the drafter to use the definitions of crimes from MAI–CR 3d 333.00 if a definition is required. *State v. Nolan,* 872 S.W.2d 99, 101 (Mo.banc 1994). Here, the instruction contains a definition of robbery in the first degree essentially tracking the language found in MAI–CR 3d 333.00 and Section 569.020 RSMo 1996 and is not a serious departure from the pattern instruction for robbery in the first degree in MAI–CR 3d 323.02. Thus, defendant was not prejudiced by the submission of the instruction, and as a

result, we find no manifest injustice resulted. An extended opinion reciting the detailed facts and principles of law would have no precedential or jurisprudential value. Judgment affirmed in accordance with Rule 30.25(b).