

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                               )
                                                 )
            Plaintiff-Respondent,                )
                                                 )
v.                                               )     No. SD37818
                                                 )
                                                 )     Filed: **July 22, 2024**
                                                 )
KEVIN IRBY,                                      )
            Defendant-Appellant.                 )

APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert Mayer, Judge

**<u>AFFIRMED</u>**

Defendant Kevin Dewayne Irby ("Defendant") appeals his conviction on a single count of burglary in the first degree, §569.160 RSMo.[1]  In his sole point on appeal, Defendant contends that the trial court erred in making a handwritten amendment on Jury Instruction No. 5 to add the word "unlawfully" such that it may have misdirected, misled or confused the jury.  Because Instruction No. 5 did not omit any of the elements of the offense of burglary in the first degree, and because the trial court and counsel repeatedly advised the jury that they would need to

---

[1] Unless otherwise noted, all statutory references are to RSMo 2000, including, as applicable, statutory changes effective June 5, 2006.

resolve the question of whether Defendant entered a building "unlawfully," the handwritten amendment to Instruction No. 5 was not plain error. The Judgment is affirmed.

**Factual Background and Procedural History**

On May 26, 2019, Defendant and two co-defendants entered a Walmart in Kennett, Missouri. Defendant had previously been prohibited from entering any Walmart store after a previous shoplifting incident in Cape Girardeau, Missouri.

Upon entering the store, Defendant and his co-defendants placed items in a shopping cart while also attempting to conceal additional items in a purse. Defendant and the co-defendants then left the store without paying for the items. Defendant and the co-defendants were stopped by Walmart security in the parking lot. Defendant told the co-defendants "let's go," and he and the co-defendants ran to a car and drove away.

Walmart security called the police. Law enforcement stopped Defendant and the co-defendants and returned them to Walmart for further investigation. Defendant refused to sign an acknowledgement that he had trespassed in the store. The form was discussed with Defendant, and was ultimately signed by a police officer.

Defendant was charged with one count of burglary in the first degree. At trial, Defendant argued that he had not entered Walmart unlawfully. The State called a records custodian from Walmart, who testified about the prior trespass notice issued to Defendant after the incident in Cape Girardeau, and that such notice was contained in Walmart's record keeping system.

Instruction No. 5 was the verdict director for burglary in the first degree. When the trial court initially read Instruction No. 5 to the jury, it did not contain the word "unlawfully," which is an element of the offense. At that point, the following exchange was had:

[STATE:]    Your honor, can we approach briefly?
[COURT:]    Yes.

2

| | |
|---|---|
| [STATE:] | Judge, the wording is messed up, that should be unlawfully entered. |
| [DEFENSE:] | Are you gonna (sic) do it by interlineation? |
| [STATE:] | Whatever you think is best. |
| [COURT:] | Do you have any objection to that? |
| [DEFENSE:] | No. |
| [COURT:] | So, after knowingly entered it should be unlawfully? |
| [STATE:] | Yes, sir. |
| [COURT:] | And I'll go ahead and initial that, okay? |
| [STATE:] | Yes, sir. |

The trial court handwrote the word "unlawfully" above the typed word "entered" with a small line between them. The trial court also initialed and dated the amendment.

After this exchange, Instruction No. 5 was re-read to the jury and the trial court instructed the jurors that they must find that Defendant "knowingly, unlawfully" entered Walmart. The Court then read Instruction No. 6, which instructed that if the jury had a reasonable doubt as to whether Defendant "knowingly entered unlawfully," then they must find Defendant not guilty. In closing arguments, both the State and Defendant's counsel specifically argued the issue of whether Defendant had "unlawfully" entered Walmart to the jury.

The jury found Defendant guilty of burglary in the first degree. The trial court sentenced Defendant, as a persistent offender, to fifteen years in the Department of Corrections. This appeal followed.

**Standard of Review**

Defendant's sole point on appeal is directed at the trial court's handwritten amendment to Instruction No. 5. As an initial matter, this Court must first determine the standard of review applicable to Defendant's claim. Defendant asserts his claim is preserved for review because trial counsel was not permitted to review the trial court's hand-written amendment to the

instruction, and raised the issue at the first opportunity in Defendant's post-trial motion.[2]  In the

alternative, Defendant requests plain error review.  The State argues that since Defendant's

counsel specifically stated he had no objection to the trial court amending the Instruction,

Defendant has waived any appellate review of the alleged error.  In the alternative, the State

argues the matter may only be reviewed for plain error.

Even where a defendant fails to object to an instruction and affirmatively states it has no

objection, unpreserved claims of instructional error may still be reviewed for plain error if

manifest injustice would otherwise occur.  ***State v. Wurtzberger***, 40 S.W.3d 893, 898 (Mo. banc

2001).  Thus, Defendant is not necessarily foreclosed from appellate review of the alleged

instructional error in this case.

There is nothing in the record, however, that supports Defendant's claim that this

allegation of instructional error was properly preserved.  When counsel approached the bench,

the issue as to Instruction No. 5 was clearly identified.  Defendant's counsel specifically asked if

the Instruction was going to be amended by interlineation, to which the State replied, "whatever

you think is best."  The trial court then asked Defendant's counsel if he had any objection to that

procedure, and counsel responded "no."  The trial court then confirmed that "unlawfully" should

be included after "knowingly entered," made the amendment, and then stated that it would go

ahead and initial that amendment.  The State replied in the affirmative, while Defendant's

counsel stood silent.  There is nothing to indicate that the amendment made by the trial court to

Instruction No. 5 was concealed or hidden from the parties.  As such, any error in the amendment

of Instruction No. 5 may only be reviewed for plain error.

---

[2] The State also argues in their brief that Defendant has not preserved his claim for appellate review because Defendant's post-trial motion was untimely filed.  As this Court finds that there is no evidence in the record to support that Defendant's claim was properly preserved, this additional argument is moot.

Plain error review is discretionary, and may only be used where the claimed error "facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *State v. Moore*, 682 S.W.3d 436, 445 (Mo. App. S.D. 2024) (quoting *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020)). "When the unpreserved allegation concerns instructional error, plain error exists when it is clear that the circuit court has so misdirected or failed to instruct the jury that manifest injustice or miscarriage of justice has resulted." *State v. Zetina-Torres*, 482 S.W.3d 801, 810 (Mo. banc 2016) (citing *State v. Ousley*, 419 S.W.3d 65, 75 (Mo. banc 2013)). "Clear and obvious instructional error is rarely found to result in manifest injustice or a miscarriage of justice, requiring reversal for plain error." *State v. White*, 92 S.W.3d 183, 192 (Mo. App. W.D. 2002).

## Analysis

"A verdict-directing instruction must contain each element of the offense charged and must require the jury to find every fact necessary to constitute essential elements of [the] offense charged." *State v. Stover*, 388 S.W.3d 138, 153-54 (Mo. banc 2012) (citing *State v. Cooper*, 215 S.W.3d 123, 125 (Mo. banc 2007)). "A defendant's due process rights are violated when an instruction relieves the state of its burden to prove the existence of every essential element of the crime and does not require the jury to deliberate on and determine a contested element of the crime." *Id.* at 154. "Plain error exists when an instruction omits an essential element and the evidence establishing the omitted element was seriously disputed." *Id.*

In *Stover*, the Missouri Supreme Court overturned a conviction for drug trafficking based on plain error in a verdict directing instruction. *Id.* at 152-53. The Court found that the failure to include a necessary element in the instruction relieved the State of proving each element of the offense of drug trafficking beyond a reasonable doubt. *Id.* at 155. In this case, Defendant asserts

that Instruction No. 5 similarly could have relieved the State from the burden of proving that Defendant entered Walmart unlawfully.

Unlike the instruction in *Stover*, Instruction No. 5, as amended by the trial court, contains all the required elements for a charge of burglary in the first degree. Defendant's argument speculates, without citation to the record, that the jury *may* have been confused by the handwritten word "unlawfully," particularly when throughout the trial, the jury was admonished that it would be bound to follow instructions given by the trial court. Defendant's argument ignores that the trial court verbally instructed the jury on two occasions that they must find that Defendant entered Walmart unlawfully, that Instruction No. 6 also advised the jury they must find Defendant entered Walmart unlawfully, and that both counsel for the State and Defendant specifically argued whether Defendant entered Walmart unlawfully in closing arguments. When viewed in this context and in light of the entire record, there is no basis to conclude that the jury would have been so misdirected by the handwritten amendment to Instruction No. 5 that it resulted in a manifest injustice or a miscarriage of justice.

The Court finds that Defendant's argument does not facially establish substantial grounds for believing that manifest injustice or miscarriage of justice has resulted in this case. Thus, plain error review is denied.

## Conclusion

The Judgment of the trial court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS