**Dale E. MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

and

**Jacob Carr, Appellant,**

v.

**State of Missouri, Respondent.**

Nos. 78691, 78694.

Supreme Court of Missouri,
En Banc.

Nov. 19, 1996.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellants.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Philip M. Koppe, Assistant Attorney General, Kansas City, for respondents.

Becky Owenson Kilpatrick, Assistant Attorney General, Jefferson City, for respondent in No. 78691.

Mary Moulton Bryan, Assistant Attorney General, Jefferson City, for respondent in No. 78694.

ROBERTSON, Judge.

*Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991), and *Sanders v. State,* 807 S.W.2d 493 (Mo. banc 1991), extend the time limitations for filing an amended Rule 29.15 [1] motion where post-conviction counsel abandons the movant. *McDaris v. State,* 843 S.W.2d 369 (Mo. banc 1992), requires the trial court to make inquiry "as part of its independent inquiry under *Luleff*" to ensure that movant is informed of post-conviction counsel's response when post-conviction counsel abandons movant. We granted transfer in these consolidated cases to assure motion courts that *McDaris* does not require a response from movants when postconviction counsel files a timely statement setting out sufficient reasons for counsel's decision to rely on the *pro se* motion. Our jurisdiction rests on article V, section 10 of the constitution. We affirm in *Moore v. State* (No. 78691), and reverse and remand in *Carr v. State* (No. 78694).

### I.

Dale E. Moore pled guilty to three counts of first degree sexual assault. The trial court sentenced Moore to three consecutive five-year terms of imprisonment. Moore filed a *pro se* Rule 24.035 motion challenging the effectiveness of his plea counsel. The motion court appointed the public defender's office to represent Moore. Post-conviction counsel filed a *timely* affidavit with the motion court indicating that he had reviewed the record, had inquired of movant regarding the existence of additional claims or facts relating to the post-conviction motion, had explained to movant his rights under Rule 24.035 and determined that Moore's *pro se* motion "includes all colorable post-conviction claims known to movant or counsel."

Jacob Carr pled guilty to one count of rape. The trial court suspended the imposition of sentence and placed Carr on five-years' probation. Straining the quality of mercy, Carr took up selling crack cocaine. He was arrested and received a twenty-year sentence for the rape when the trial court revoked his probation and imposed sentence. Carr filed a *pro se* Rule 24.035 motion. The motion court appointed the public defender's office as postconviction counsel. Post-conviction counsel filed a *timely* "statement in lieu of filing an amended motion" with the motion court. Post-conviction counsel stated that he had reviewed the file "with the *exclusion* of the transcripts of the guilty plea hearing . . ., the sentencing hearing . . . ., and movant's *pro se* motion . . . ." [Emphasis added.] On the basis of this "review," post-conviction counsel determined that "no additional facts or grounds can be added in an amended motion."

In each case, the motion court denied the Rule 24.035 motions without a hearing.

Moore and Carr appealed. In both appeals, staff counsel employed by the public defender's office claims that previous public defender staff counsel serving as post-conviction counsel abandoned the movant.

---

**1.** This Court amended Rules 24.035 and 29.15 effective January 1, 1996. Movants in this case filed their post-conviction motions prior to the effective date of the new rules. Unless otherwise noted, citations to Rules 24.035 and 29.15 are to those rules in effect prior to January 1, 1996.

Moore relies on *McDaris* to argue that failure to inform him of the filing of the affidavit waiving an amendment of the *pro se* Rule 24.035 motion combined with postconviction counsel's failure to amend the *pro se* motion and take steps to prove movant's allegations amounts to abandonment. Moore believes that *McDaris* requires the trial court to conduct a *Luleff* hearing under these circumstances.

Carr asserts that the statement filed by post-conviction counsel with the motion court shows constructive abandonment on its face. That verbiage, together with post-conviction counsel's failure to amend the *pro se* motion and pursue Carr's claims, is additional proof of abandonment that Carr contends required the trial court to conduct a *Luleff* hearing.

## II.

### A.

■ *Luleff* and *Sanders* recognize two forms of abandonment. First, abandonment occurs under the *Luleff* scenario when post-conviction counsel takes no action on movant's behalf and, as a result, it appears *on the face of the record* that movant is deprived of a meaningful review of post-conviction claims. The absence of a record of post-conviction counsel's attention to the *pro se* motion "creates a presumption that counsel failed to comply with the rule." *Luleff*, 807 S.W.2d at 498. The Court suggested in *Luleff* that "[w]here [postconviction] counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record." *Id.* This filing serves to create a record that removes the presumption that post-conviction counsel's decision not to amend the *pro se* motion is the product of abandonment. It also avoids possible discipline by the Court for postconviction counsel.[2] Second, as occurred in *Sanders*, when "*the record reflects* that counsel has determined that there is a sound basis for amending the *pro se* motion but fails to file the amended motion [in a timely manner] as required by Rule 29.15(f)[,] [t]he

failure is, in effect, another form of 'abandonment' by post-conviction counsel." [Emphasis added.] 807 S.W.2d at 494–95. The *Sanders* scenario is abandonment because failure to file an amended motion in a timely manner constitutes a complete bar to consideration of the movant's claims not raised in the *pro se* motion.

Moore and Carr argue that *McDaris* recognizes a constructive abandonment when postconviction counsel chooses to rest on a movant's *pro se* motion, even when counsel files a timely statement to that effect. They rely on a footnote in *McDaris* to support their argument.

McDaris legitimately highlights the need to detail procedures for the *Sanders–Luleff* "independent inquiry," *in the event of late or non-filing of the amended motion.* In this case, the only court inquiry about abandonment was one question to motion counsel about the late filing, conducted as part of the State's motion to dismiss the day after filing . . . .

Pending issuance of a Rule change, the trial [motion] court should, as part of its independent inquiry under *Luleff*, inquire not only of post conviction counsel, but ensure that movant is informed of counsel's response and given an opportunity to reply . . . . [A] sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.

[Emphasis added.] *McDaris*, 843 S.W.2d at 371–72, n. 1.

■ We disagree with Moore's and Carr's arguments. The hearing to which the *McDaris* footnote refers is a hearing following a from-the-record determination that post-conviction counsel has abandoned the movant either by failing to file anything with the motion court or by filing an amended motion out of time. The inquiry *McDaris* suggests is designed to determine where fault lies when an amended motion is filed out of time. This is important because *Sand-*

---

**2.** *Luleff* and *McDaris* intimate and *Sanders* says that the court "may deem it advisable to refer [post-conviction] counsel who has failed in his or her duty to the client, or in his or her capacity as an officer of the court, to the Advisory Committee for investigation and discipline." *Sanders*, 807 S.W.2d at 495. Such referral would now be to the chief disciplinary counsel.

*ers* permits a hearing on the merits only if movant is innocent of responsibility for the late filing. But where the record shows on its face that post-conviction counsel did not abandon movant, there is no need to proceed to such an inquiry. The record refutes the claim of abandonment, and no independent inquiry is required of the motion court.

## B.

█ In these cases, each counsel filed a timely statement that he intended to rely on the movant's *pro se* motion. In Moore's case, post-conviction counsel's timely affidavit declared complete familiarity with the record and announced a reasoned decision that counsel would not file an amended motion. The motion court overruled the motion on the basis of the record. It did not err in doing so. There is simply nothing in the record to support a claim that postconviction counsel abandoned Moore. We affirm the judgment of the motion court in *Moore v. State* overruling the motion for post-conviction relief.

█ Rule 24.035(e) requires counsel to "ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence." In Carr's case, the statement filed by post-conviction counsel shows *on its face* that counsel took neither of the two actions required by Rule 24.035(e). *On its face,* counsel's statement is thus tantamount to a confession of abandonment. A *McDaris* hearing is warranted in Carr's case precisely because the face of the record raises the presumption of abandonment to which *Luleff* and *Sanders* refer.

We reverse the judgment of the motion court in *Carr v. State* and remand for a hearing to determine whether counsel abandoned movant.

## III.

There remains one troubling aspect of these cases that we cannot blithely ignore. In each case, the motion court appointed the state public defender's office as post-conviction counsel. After the motion courts over-

ruled the respective Rule 24.035 motions, another public defender's office staff attorney undertook an appeal in each case. Each appeal claimed that the previous public defender staff attorney had abandoned the movant.

In *State ex rel. Public Defender Commission v. Bonacker,* 706 S.W.2d 449 (Mo. banc 1986), this Court addressed the question whether circuit courts could appoint the public defender's office to represent indigent prisoners in post-conviction proceedings under Rule 27.26 (now repealed). The public defender's office claimed that its appointment to represent a prisoner in post-conviction proceedings where a member of the public defender's staff represented the prisoner at trial was an inherent conflict of interest. This Court refused to issue a writ of prohibition prohibiting the trial court from appointing the public defender's office in post-conviction proceedings. The Court reasoned that the public defender commission has by statutory authority and actual practice employed conflict counsel where actual conflicts arose. In addition, the public defender commission has general authority to erect so-called "Chinese walls" within its office, assuring that an attorney whose responsibilities are in conflict with another member of the staff will not be influenced by that association.

In this case, we find no indication that the public defender's office took steps either to inform the movant of the conflict and seek his authority to proceed in the face of the conflict, to organize itself in such a way as to ameliorate the conflict, or to appoint conflict counsel to avoid the conflict. In the future, we expect the public defender's office to take steps to resolve this conflict situation and to assure the courts before which it pursues its client's objectives that it has taken the necessary steps to avoid the appearance of impropriety.

## IV.

For the reasons previously expressed, the judgment in *Moore v. State* (No. 78691) is affirmed. The judgment in *Carr v. State* (No. 78694) is reversed and the cause is

remanded for further proceedings consistent with this opinion.

All concur.