**Lloyd FISHER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 23816.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 8, 2001.

Motion for Rehearing or Transfer to Supreme Court Denied Aug. 28, 2001.

Craig A. Johnston, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for Respondent.

PARRISH, Presiding Judge.

Lloyd Fisher (movant) appeals an order dismissing a pleading he filed in the Circuit Court of Pemiscot County that sought post-conviction relief from judgments of conviction in three criminal cases. Movant denominated his pleading, "Motion to Vacate, Set Aside or Correct Sentence and Judgment and Request for Evidentiary Hearing." The pleading states the relief sought is "pursuant to Supreme Court Rule 24.035" and, although the record on appeal discloses the pleading to have been an original motion, that it is an "amended motion and request for an evidentiary hearing." The pleading requests the trial court to "grant [movant] an evidentiary hearing ..., sustain [movant's] motion to vacate his. sentence and judgment in CR588–530FX, CR589–548FX, and CR589–386FX and order a new trial."

Movant pleaded guilty in the Circuit Court of Pemiscot County November 1, 1989, to three felony offenses. The offenses were charged in separate cases, Nos. CR588–530FX, CR589–386FX and CR589–548FX. The first charged the offense of forcible rape. § 566.030.[1] The second charged the offense of attempt to commit rape. § 566.030. The third charged the offense of sodomy.[2] § 566.060. Judgments of conviction were entered and sentences imposed in the three cases. On November 2, 1989, movant was delivered to the department of corrections to serve the sentences imposed.

Movant's post-conviction pleading was filed July 14, 2000. The trial court's order dismissing the pleading was entered July 17, 2000. It states movant's motion was dismissed "as not being timely filed pur-

---

1. References to statutes are to RSMo 1986.

2. The information that charged the third offense included a charge of abuse of a child, § 568.060, which was *nolle prosequied* pursuant to a negotiated plea agreement.

suit [sic] to Rule 24.035." This court affirms.

The current version of Rule 24.035 applies to criminal cases in which sentences were pronounced on or after January 1, 1996. Rule 24.035(m). It directs, "If sentence is pronounced prior to January 1, 1996, postconviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier." The motion to which this appeal is directed was filed July 14, 2000; thus, the applicable version of Rule 24.035 is the one that was in effect December 31, 1995. References hereafter to Rule 24.035 are, therefore, to that rule as it appears in Missouri Rules of Court 1995. It applied "to all proceedings wherein sentence [was] pronounced on or after January 1, 1988." Rule 24.035(*l*). It is, therefore, applicable to the criminal cases about which movant now complains.

Rule 24.035(a), as is applicable to this appeal, states:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated....

Rule 24.035(b) requires "[t]he motion shall be filed within ninety days after the movant is delivered to the custody of the department of corrections"; that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035."

Rule 24.035(e) directs:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds....

After movant was sentenced in the criminal cases to which he directs his request for post-conviction relief, the trial judge told him:

All right, Mr. Fisher. I am now required under Supreme Court Rule 29.07(b)(4) to at this time advise you of your right to proceed under Supreme Court Rule 24.035. This rule provides you with the right to file a motion in this court to vacate, set aside or correct the judgment of conviction or sentence, if you claim that:

1. Your conviction or the sentence imposed violates the Constitution and the laws of this state or the Constitution of the United States; or

2. That this Court was without jurisdiction to impose the sentence; or

3. That the sentence imposed was in excess of the maximum sentence authorized by law.

This Rule provides the exclusive procedure by which you may seek relief in this court for the above claims. The form to be used is Criminal Procedure

Form Number 40 which will be made available to you upon request. No cost deposit shall be required. And if you do not file this motion within ninety days after you are delivered to the custody of the Department of Corrections, such failure to file will be a complete waiver of your rights to proceed under this Rule. If you file such motion you shall include every ground known to you for vacating, setting aside or correcting the judgment or sentence. If you are indigent and file your own motion, counsel will be appointed for you. Counsel will have up to thirty days to file an amended motion and the Prosecutor will have up to ten days thereafter to file his response. A written request for a hearing must be made within the required time limits, because if no request for such hearing is timely made then a hearing will not be held.

The trial judge asked movant if he understood what had been explained to him. Movant responded with the question, "It means that I have to file a form?" The trial judge explained further:

Yes, sir. And I'm telling you about the time limits. You have to file it within ninety days after you are delivered to the Department of Corrections. It has to be filed—If you wish to proceed under this Rule it has to be filed within ninety days. And then if you would like to be represented by an attorney and can't hire one the Court will appoint an attorney for you. And then your attorney will have thirty days to file an amended motion on your behalf; in other words, he'll look at your motion, and if there's anything that he feels like he needs to add to it, to amend it, he has thirty days to file his amended motion, and the Prosecutor then has ten days to file his response. These time limits must be strictly adhered to. If you

don't adhere to these time limits then you waive the rights under this rule.

Movant was asked if he understood. The transcript of the proceeding reveals he nodded his head; that he was told he would have to say yes or no; that he then answered, "Yes."

■ As was explained to movant in painstaking detail, the time limits imposed by Rule 24.035 for filing a motion for post-conviction relief are mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied sub nom.*, *Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). *See also Washington v. State*, 972 S.W.2d 347, 348 (Mo.App.1998); *Whitby v. State*, 930 S.W.2d 68, 69 (Mo.App.1996); *State v. Sumlin*, 915 S.W.2d 366, 371 (Mo. App.1996). It was on this basis that the trial court dismissed movant's motion.

Movant's brief states four points relied on. The first contends the time limits imposed by Rule 24.035(b) do not apply in this case. The remaining points complain that the trial court in movant's criminal cases erred with respect to the sentences imposed in each case.

Point I alleges the trial court erred in dismissing movant's motion as untimely "because the record shows that [movant] was abandoned by post-conviction counsel . . . in that on the day of the pleas and sentencing, the plea court found probable cause existed to believe that [movant] had received ineffective assistance of counsel and pursuant to Rule 29.07(b)(4) appointed new counsel to represent [movant] on any post-conviction matters." Movant contends "post-conviction counsel failed to do anything on [his] behalf."

■ Movant contends this case falls within the "abandonment" exception to the time constraints for filing post-conviction motions delineated in *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), *Luleff v.*

*State,* 807 S.W.2d 495 (Mo. banc 1991), and *Moore v. State,* 934 S.W.2d 289 (Mo. banc 1996). In *Sanders, Luleff* and *Moore,* pro se post-conviction motions were filed after which counsel was appointed. These cases address the duties of counsel who are appointed after pro se post-conviction motions are filed. *Sanders* and *Luleff* discuss the duty to "ascertain whether sufficient facts supporting the grounds [stated in the pro se motion] are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence," and the requirement, "[i]f the motion does not assert sufficient facts or include all grounds known to the movant, ... [to] file an amended motion that sufficiently alleges the additional facts and grounds." Rule 24.035(e) and Rule 29.15(e). *Moore* applies those duties commensurate with the holdings of *Sanders* and *Luleff.*

*Sanders* and *Luleff* hold that failure of appointed counsel to make the required determinations and, if appropriate, to file amended motions constitutes abandonment by counsel; that if this occurs, a movant may be permitted to proceed with an otherwise untimely motion. That is not the situation that occurred in this case.

Movant's argument in support of Point I is directed to the Rule 29.07(b)(4) inquiry that followed his November 1, 1989, guilty pleas. Movant told the trial judge that he had sufficient opportunity to discuss his cases with his attorney before he pleaded guilty. He complained, however, that his attorney did not do the things movant asked the attorney to do before pleading guilty. Movant complained his attorney did not contact people he wanted to testify if he went to trial; that the attorney "[d]idn't bring any of 'em, any of 'em to court."[3] He was asked if he had other complaints about his attorney. Movant said he did not. At the conclusion of the inquiry the trial judge stated:

> [B]ased upon your contentions as to your attorney's representation of you, the Court finds that there at least is probable cause for the Court to believe that for whatever reason you were not happy with your attorney, whether it was ineffective assistance of counsel or not, the Court—I'm not gonna make that determination—but I think that you need to be represented by new counsel in any post-conviction matters that, that you may wish to bring before the Court.

The trial judge asked movant if he understood the time limits that had been explained to him. Movant responded, "Ninety days after I get up there." The judge told movant that since movant had problems with the attorney who had represented him in the criminal cases, any post-conviction matters would be handled by another attorney. Movant's argument of "abandonment" is based on this assessment by the trial court.

The fallacy of movant's argument that he was abandoned by post-conviction counsel is two-fold. First, movant never pursued post-conviction relief by timely filing a pro se Rule 24.035 motion. Second, movant's assertion to the contrary notwithstanding, the trial court in movant's criminal cases did not appoint movant new counsel at the conclusion of his sentenc-

---

**3.** The legal file includes transcripts of the guilty plea hearing in movant's criminal cases. Movant pleaded guilty the morning one of the cases was set for trial. Before he had decided to plead guilty, movant identified two people he wanted present to testify at trial. The record discloses that subpoenas were issued for them; that sometime later the sheriff stated in open court that the two witnesses would be present. The case did not proceed to trial because movant decided to plead guilty pursuant to a negotiated plea agreement.

ings. The trial court simply observed that any representation of movant in any post-conviction proceeding he might bring should be "by new counsel." Movant was not abandoned by counsel. By not seeking post-conviction review as permitted by Rule 24.035, movant waived his right to proceed under that rule.

*Sanders, Luleff* and *Moore* afford no relief to movant from the consequences of his own neglect.[4] He was not abandoned by counsel. The trial court's order denying movant's petition was not clearly erroneous. Point I is denied.

■ Movant's remaining points on appeal are directed to claimed errors in his three criminal cases. A motion for post-conviction relief is not a substitute for matters that could have been raised on direct appeal. *State v. Kirk*, 918 S.W.2d 307, 310 (Mo.App.1996); *Clemmons v. State*, 795 S.W.2d 414, 417 (Mo.App.1990), *cert. denied*, 500 U.S. 907, 111 S.Ct. 1689, 114 L.Ed.2d 83 (1991). The issues about which movant complains in Points II, III and IV are not issues cognizable by this appeal. Points II, III and IV are denied. The trial court's order of dismissal is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

4. This court further notes that movant sought post-conviction relief from three different criminal case judgments and sentences by means of one post-conviction proceeding. No authority was found during the course of this court's independent research for permitting a movant to seek relief from more than one criminal case judgment in a single Rule 24.035 motion.