David **HAMMOND**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 80804.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 24, 2002.

Stacey Franks Sullivan, Assistant State Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Richard Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

GLENN A. NORTON, Judge.

David Hammond appeals the denial of his *pro se* Rule 24.035 motion after a determination that his post-conviction counsel had not abandoned him. We reverse.

## I. BACKGROUND

Hammond pled guilty to burglary and stealing. He timely filed a *pro se* motion under Rule 24.035. The court appointed counsel and ordered that any amended motion be filed within sixty days. Lawrence Pratt entered his appearance as appointed counsel and was granted an additional thirty-day extension to file an amended motion. Before that deadline, counsel filed a "notice" that an amended motion would be delayed and requested that it be deemed timely upon filing. In that verified pleading, counsel asserted that he believed there was a "meritorious issue requiring review of records," which counsel anticipated he would not receive before the filing deadline. Counsel also stated that the delay in filing was entirely his responsibility and not the fault of Hammond.

The court denied the request on October 31st, but "back-dated" the date of counsel's appointment so that the time for filing an amended motion was extended to December 6th. Rather than file an amended motion, on December 6th counsel filed another "notice" of delay in filing an amended motion and again requested that the motion be deemed timely upon filing. Counsel restated his belief that there was a meritorious issue requiring review of records, which he still had not received, and repeated that the delay was not Hammond's fault. This request was denied.

The court held a hearing on January 4, 2002. At the beginning of the hearing, counsel presented a verified motion for a continuance. In the motion and on the record, counsel stated that he had received some medical records that day and expected more, that he believed Hammond had a serious mental illness, and that he planned to have Hammond evaluated. The court denied the motion and proceeded with an evidentiary hearing, at which counsel put on no evidence.

The court entered findings of fact and conclusions of law only on the claims in Hammond's *pro se* motion because counsel had never filed, or even tendered, an amended motion. The court found that Hammond's claims were without merit and denied the motion. The court also *sua sponte* found that counsel did not comply with Rule 24.035(e), but had not abandoned Hammond:

> Appointed counsel for [Hammond] failed to comply with these provisions of the Rule [24.035(e)]. Instead, appointed counsel sought to extend the time for filing an Amended Motion beyond the periods specifically delineated in Rule 24.035 contrary to the court's specific rulings to the contrary. Counsel was put on notice that this court did not believe the case of *State v. Sanders* ... authorized such an extension where the purported need for extension was not due to inadvertence or neglect by counsel. This court finds that counsel's process was a conscious decision as a matter of trial strategy. It was not the result of abandonment of [Hammond] by counsel but rather resulted from a specific conscious choice by [counsel] to attempt to circumvent the limited times for filing amendments to the *pro se* motion under the requirements of Rule 24.035.

## II. DISCUSSION

Our review is limited to whether the motion court's findings and conclusions

are clearly erroneous. Rule 24.035(k). They are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Reynolds v. State*, 994 S.W.2d 944, 945 (Mo. banc 1999). In his point on appeal, Hammond argues that the motion court's conclusion that counsel had not abandoned him is clearly erroneous. The State agrees. Both parties request that we reverse and remand with directions to appoint new counsel and allow time to file an amended motion.

Our Supreme Court has recognized two forms of abandonment in Rule 24.035 post-conviction proceedings. *See Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996). First, when the record contains no amended motion and no disclosure by counsel that an amended motion was not warranted, there is a presumption that counsel did not comply with Rule 24.035 and that the movant was abandoned. *See Moore*, 934 S.W.2d at 291 (citing *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991)). If the movant is at fault for this non-compliance, then only the claims in his *pro se* motion can be considered. *Luleff*, 807 S.W.2d at 498. If, on the other hand, counsel "failed to act on behalf of the movant" or "the lack of performance is not the result of movant's action or inaction," then the court must appoint new counsel and allow time, if necessary, to file an amended motion. *Id.*

Abandonment also occurs when the record reflects that counsel has determined that there is a sound basis for amending the *pro se* motion, but fails to file the amended motion in a timely manner. *Moore*, 934 S.W.2d at 291 (citing *Sanders v. State*, 807 S.W.2d 493, 494–95 (Mo. banc 1991)). Again, if the movant is at fault, then only his *pro se* motion can be considered. *Sanders*, 807 S.W.2d at 495. If, on the other hand, the delay in filing is due to counsel's "action or inaction," then the court must consider the late amended motion as timely filed. *Id.*

Here, the motion court determined that while counsel had failed to comply with Rule 24.035(e), there was no abandonment because counsel's action was a strategic attempt to circumvent the time limitations in Rule 24.035(g). We agree with the motion court that counsel's approach to this case was ethically questionable and we empathize with the court's frustration at counsel for taking this approach.[1] It is puzzling that counsel would spend his time filing "notices" explaining why some future amended motion containing "meritorious issues" was delayed rather than simply presenting these "meritorious issues" in a timely amended motion—even if review of additional records was necessary to fully develop the issues. Nevertheless, none of this was Hammond's fault.

When the *movant* is not at fault, he should not to be deprived of meaningful review of his post-conviction claims even if the failure to file a timely amended motion results from counsel's trial strategy or conscious attempt to avoid the rules. Limiting review to the movant's *pro se* claims is a penalty that should be imposed only when the movant is at fault, not when counsel is at fault. There are other ways to deal with counsel's misconduct: "the [motion] court may deem it advisable to refer counsel who has failed in his or her duty to the client, or in his or her capacity as an officer of the court, to the Advisory Committee for investigation and possible

---

1. At the end of the hearing, the motion court directed that the transcript of the proceeding be "submitted to the Circuit Bar Committee for investigation as to whether or not there's been a violation of the Code of Professional Conduct."

discipline." *Sanders,* 807 S.W.2d at 495; *see also Luleff,* 807 S.W.2d at 498 n. 1.

The record reveals that the failure to comply with Rule 24.035 and the failure to file a timely amended motion were exclusively the result of counsel's action or inaction and were not Hammond's fault. Therefore, the motion court's conclusion that Hammond was not abandoned was clearly erroneous. Had a late amended motion been filed, we could remedy this situation by simply deeming the motion timely. *See Sanders,* 807 S.W.2d at 495. But no amended motion was ever even presented to the court for late filing. We believe, as the parties suggest, that the most appropriate remedy in this case is the appointment of new counsel. *See Luleff,* 807 S.W.2d at 498.

Point granted.

### III.   CONCLUSION

The judgment of the motion court is reversed. The case is remanded with directions for the motion court to appoint new counsel and allow additional time as permitted under Rule 24.035(g), if necessary, for new counsel to file an amended motion.

WILLIAM H. CRANDALL, P.J. and SHERRI B. SULLIVAN, J. concurring.