**Michael J. RITTER, Jr.,
Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 81308.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 4, 2003.

Gwenda Renee' Robinson, Lisa M. Stroup, Public Defender's Office, St. Louis, MO, for appellant.

John M. Morris, Joel A. Block, Attorney General's Office, Jefferson City, MO, for respondent.

SHERRI B. SULLIVAN, C.J.

A jury convicted Michael J. Ritter, Jr. (Movant), of first degree murder and armed criminal action. The trial court entered judgment upon the verdict and sentenced Movant to life imprisonment without the possibility of parole and a consecutive prison term of twenty years. We affirmed that judgment on direct appeal. *State v. Ritter*, 45 S.W.3d 905 (Mo.App. E.D.2001). Movant now appeals the judgment denying his Rule 29.15 [1] motion for post-conviction relief after an evidentiary hearing. We reverse and remand.

After the mandate was issued in his direct appeal, Movant filed a timely *pro se* Rule 29.15 motion for post-conviction relief. On September 12, 2001, the motion court appointed the Office of the State Public Defender to represent Movant. The court then granted the appointed counsel an additional thirty days to file an

---

**1.** All rule references are to Mo. R.Crim. P.2003, unless otherwise indicated.

amended motion. Thus, the amended motion was due by December 11, 2001. Rule 29.15(g).

On January 11, 2002, post-conviction counsel filed a document entitled "Amended Motion To Accept Untimely–Filed Motion." That same day, the motion court held a hearing pursuant to *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991), to determine the cause of the late filing. At the hearing, counsel testified that she intended to file an amended Rule 29.15 motion, but had not yet completed her investigation due to events beyond her control. She explained that: (1) the Public Defender's Office fired her investigator before the investigator was able to locate and contact a potential witness; and (2) the prosecutor had not provided her a copy of a trial exhibit, a videotape of Movant's statement to the police, until January 10, 2002. She further testified that the incomplete amended motion did not result from Movant's negligence or intentional conduct and that he had provided her information in a timely manner. The motion court denied leave to file an amended motion, finding that any late filing was counsel's fault, but was not due to counsel's "inattention."

On January 31, 2002, counsel filed a "Second Amended Motion To Accept Untimely–Filed Motion" and tendered the now completed amended Rule 29.15 motion. The motion court again denied counsel leave to file the amended motion and refused to consider any new issues it raised. After an evidentiary hearing, which was restricted to issues raised in Movant's *pro se* motion, the motion court denied Movant's motion for post-conviction relief. Movant appeals.

 Our review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The findings and conclusions are clearly erroneous only if after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *State v. Nolan*, 872 S.W.2d 99, 104 (Mo. banc 1994).

In his sole point relied on, Movant argues the motion court clearly erred in denying his Rule 29.15 motion without considering the issues raised in the untimely amended motion. He contends the court misinterpreted *Sanders*, which permits review of an untimely filed amended motion if the untimeliness is exclusively the result of post-conviction counsel's action or inaction. The State concedes error.

The motion court's refusal to consider the untimely amended motion is clearly erroneous. After the motion court issued its ruling here, this Court addressed an analogous argument in *Hammond v. State*, 93 S.W.3d 823 (Mo.App. E.D.2002). In *Hammond*, post-conviction counsel notified the motion court of his intent to delay filing an amended Rule 24.035 motion so that he could acquire and review additional records relating to a potentially meritorious issue. *Id.* at 825. The motion court found that there was no abandonment by counsel because he consciously chose to circumvent the time limits in Rule 24.035(g), while *Sanders* permitted an extension of those time limits only for counsel's inadvertence or neglect. Upon appeal, this Court found the motion court was clearly erroneous. *Id.* at 826. In pertinent part, we ruled:

> When the movant is not at fault, he should not be deprived of meaningful review of his post-conviction claims even if the failure to file a timely amended motion results from counsel's trial strategy or conscious attempt to avoid the rules. Limiting review to the movant's *pro se* claims is a penalty that should be imposed only when the movant is at fault, not when counsel is at fault.

*Id.*

As stated in *Hammond*, Movant should not be deprived of meaningful review

where he is not at fault for counsel's untimeliness. The record here establishes that post-conviction counsel, not Movant, was exclusively at fault for failure to file an amended motion within the time frame mandated in Rule 29.15(g). Counsel testified she intentionally delayed filing the amended motion because she had not yet contacted a potential witness or reviewed Movant's videotaped statement to police. The amended motion contained several issues not raised in Movant's *pro se* motion. Thus, the motion court clearly erred in denying him leave to file an amended motion out of time. Point granted.

We reverse the motion court's judgment denying Movant's Rule 29.15 motion and remand the cause with instructions to grant Movant leave to file the untimely amended motion and for further proceedings consistent with this opinion.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.