**Brian Manuel SOUTHERN,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**No. SD 34537**

Missouri Court of Appeals,
Southern District,
Division One.

Filed: June 14, 2017

Attorney for Appellant—ELLEN H. FLOTTMAN, Columbia, MO

Attorney for Respondent—MARY H. MOORE, Jefferson City, MO

MARY W. SHEFFIELD, C.J.

Brian Manuel Southern ("Movant") appeals from the motion court's denial of his Rule 29.15 motion for post-conviction relief.[1] The motion challenged Movant's con-

---

1. All rule references are to Missouri Court Rules (2017).

viction for first-degree statutory rape and claimed the attorney who represented Movant at trial, Ruth Russell ("trial counsel"), was ineffective for failing to object to and move for a mistrial during a nurse's testimony and for failing to investigate and call a witness. Unfortunately, it appears Movant's amended motion was not timely filed and the motion court conducted no inquiry into the reason for the untimely filing. Accordingly, the motion court's judgment is reversed and the case is remanded.

## Discussion

In 2010, Movant was charged with forcible rape and, in the alternative, with first-degree statutory rape. Movant had a jury trial on June 12 through June 15, 2012. The jury found Movant guilty of first-degree statutory rape, and the trial court sentenced Movant to thirty years in the Missouri Department of Corrections. This Court affirmed Movant's sentence and conviction. *State v. Southern*, No. SD32513 (Mo. App. S.D. March 27, 2014).

Movant thereafter sought post-conviction relief. The motion court held an evidentiary hearing and denied relief. Movant appeals.

Movant raises two claims of ineffective assistance of counsel. Before this Court may reach those issues, however, it must fulfill its duty to determine whether Movant's motion for post-conviction relief was timely filed. See *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015). The amended motion was not timely filed and the motion court did not conduct an inquiry into the reason for the untimely filing. These circumstances require remand.

"Under Rule 29.15(a), a person convicted of a felony following trial may claim that the conviction violates the constitution or laws of Missouri by seeking post-conviction relief in the sentencing court." *Dorris v. State*, 360 S.W.3d 260, 265 (Mo. banc 2012). Post–conviction motions are governed by strict time limits, however, and "[t]he State cannot waive movant's noncompliance with the time limits" of the post-conviction rules. *Id.* at 268.

The time limits for the filing of the amended motion in a case where the movant had a trial are governed by Rule 29.15(g). That rule provides in relevant part:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and:
>
> (1)  Counsel is appointed, or
>
> (2)  An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
>
> The court may extend the time for filing the amended motion for one additional period not to exceed 30 days.

Rule 29.15(g).

Here, post-conviction counsel was appointed on May 7, 2014. Then, post-conviction counsel requested, and the motion court granted, an additional 30 days in which to file the amended motion. That made the amended motion due on August 5, 2014. However, the amended motion was not filed until December 17, 2014. Thus, the amended motion was not timely filed.

"[W]hen post-conviction counsel is appointed to an indigent movant, an amended motion filed beyond the deadline in Rule 29.15(g) can constitute 'abandonment' of the movant." *Moore*, 458 S.W.3d at 825. "Abandonment by appointed counsel 'extend[s] the time limitations for filing an amended Rule 29.15 motion.'" *Id.* (quoting *Moore v. State*, 934 S.W.2d 289,

290 (Mo. banc 1996)). Furthermore, "when an amended motion is untimely filed, the record creates a presumption that counsel failed to comply with the rule because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely." *Id.* Thus, "[w]hen an untimely amended motion is filed, the motion court has a duty to undertake an 'independent inquiry under *Luleff* to determine if abandonment occurred." *Id.* (quoting *Vogl v. State*, 437 S.W.3d 218, 228–29 (Mo. banc 2014)). "If the motion court finds that a movant has not been abandoned, the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Id.* "If the motion court determines that the movant was abandoned by appointed counsel's untimely filing of an amended motion, the court is directed to permit the untimely filing." *Id.* at 826. Where the record does not demonstrate the motion court conducted the necessary inquiry, the appropriate course of action is to remand the case for an inquiry into the issue of abandonment. *Id.*

Here, the record does not indicate the motion court conducted the necessary inquiry. The amended motion was filed several months after its due date. On that same date, post-conviction counsel filed a separate document tiled "Motion to Consider Amended Motion under Rule 29.15 as Timely Filed." A copy of that motion is not included in the legal file, and the docket sheets do not show any court ruling on that motion. Moreover, there was no testimony or evidence at the evidentiary hearing regarding the reason for the untimely filing. The only attention to this issue is one line contained within the motion court's judgment, where the motion court stated, "[o]n December 17, 2014, Movant timely filed his Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence." That finding is not supported by the record, however, as the record shows the amended motion was due on August 5, 2014. Without some evidence in the record regarding the reason for the untimely filing, we cannot infer the motion court made the appropriate inquiry. The untimely filing of the amended motion raises a presumption of abandonment. The record does not show the motion court conducted the necessary independent inquiry into the reason for the untimely filing. This case must be remanded for the necessary inquiry. See *Moore*, 458 S.W.3d at 826.

### Decision

The motion court's order is reversed, and the case is remanded for further proceedings consistent with this opinion.

JEFFREY W. BATES, P.J.—CONCURS

DON E. BURRELL, J.—CONCURS