

# Missouri Court of Appeals
## Southern District

### In Division

GABRIEL N. WOOD,              )
                                       )

        Movant-Appellant,      )
                                         )

v.                               )     No. SD37885
                                       )     Filed: March 12, 2024

STATE OF MISSOURI,       )
                                       )

        Respondent-Respondent.  )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason Brown, Circuit Judge

### AFFIRMED

Gabriel Wood (Wood) appeals from an order denying his amended Rule 29.15 motion to set aside his convictions for first-degree burglary, second-degree child molestation, and third-degree assault. *See* § 569.160; § 566.068; § 565.070.[1] Wood's post-conviction motion asserted, *inter alia*, that trial counsel was ineffective for failing to obtain

---

[1] All rule references are to Missouri Court Rules (2020). All statutory references are to RSMo Cum. Supp. (2015). This Court has independently investigated the timeliness of Wood's original and amended post-conviction motions. After Wood filed a timely original motion, post-conviction counsel was appointed, but counsel did not file an amended motion until nearly two years later. The motion court conducted an abandonment inquiry and found that Wood had been abandoned by counsel. *See* **Moore v. State**, 458 S.W.3d 822, 825-26 (Mo. banc 2015). This finding extended the time limitation for filing the amended motion. **Brandolese v. State**, 666 S.W.3d 309, 311 (Mo. App. 2023); **Southern v. State**, 522 S.W.3d 340, 342 (Mo. App. 2017).

and introduce certain bank account records. Wood's sole point on appeal contends that the motion court clearly erred in denying these claims. Because the motion court's decision to deny relief after an evidentiary hearing was not clearly erroneous, we affirm.

Wood bore the burden of proving the grounds asserted in his post-conviction motion by a preponderance of the evidence. Rule 29.15(i); *see* **McLaughlin v. State**, 378 S.W.3d 328, 337 (Mo. banc 2012). Our review of the denial of a Rule 29.15 motion is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); **Shockley v. State**, 579 S.W.3d 881, 892 (Mo. banc 2019). We will find clear error only if a full review of the record leaves us with a definite and firm impression that a mistake has been made. **Shockley**, 579 S.W.3d at 892. We presume the motion court's findings and conclusions are correct. **Id**. Further, "this Court defers to the motion court's determination of credibility." **Smith v. State**, 413 S.W.3d 709, 715 (Mo. App. 2013). The following summary of facts has been prepared in accordance with these principles.

**Factual and Procedural Background**

Wood's appeal focuses on a set of documents pertaining to a joint bank account owned by Wood and his ex-girlfriend, L.S. The documents include an agreement to open the account signed by Wood and L.S. on April 23, 2015 (the Agreement). The Agreement lists both names with the address of L.S.'s home. The documents also include monthly account statements from May 2015 through January 2016 (the Statements). The Statements each list L.S. and Wood's names with L.S.'s address and show that both individuals deposited funds into and withdrew funds from the account.

Wood was charged with first-degree burglary, second-degree child molestation, and third-degree assault relating to an incident that occurred on September 5, 2015. The State

2

alleged that Wood entered L.S.'s home at night without L.S.'s permission and molested a fourteen-year-old friend of L.S.'s daughter who was sleeping over at the house. Wood waived his right to a jury trial and the case proceeded to a bench trial.

At trial, L.S. testified that she and Wood had been dating for several years at the time of the offense. Wood had previously lived with her at her house, but he moved out sometime around 2013 or 2014. L.S. testified that, after Wood moved out, he was not supposed to go into the home without her prior knowledge and permission, but he did not always follow that rule. Wood had a key to the house at the time of the offense, but L.S. testified that he was not supposed to have it. Wood kept some minor possessions at the house and sometimes had his mail sent to the house. Wood occasionally helped L.S. pay some bills, but he did not share in the expenses for the house.

Defense counsel cross-examined L.S. about the joint bank account. L.S. stated that the account was for a "joint venture" in which Wood performed work to rehabilitate a different house owned by L.S. However, she testified that the account was not really a joint account because she "never touched it" and "didn't have access to it[.]" According to L.S., she only put her name on the account because Wood could not get an account on his own. Defense counsel sought to introduce the Agreement, but the prosecutor objected on the grounds that the document had not been previously disclosed to the prosecution. The trial court allowed the document to be used to refresh L.S.'s memory, but did not allow it to be entered into evidence.

Wood chose not to testify and defense counsel did not present any other witnesses or exhibits. The trial court found Wood guilty on all three charges and sentenced him to concurrent prison terms of seven years on the burglary charge, one year on the child

molestation charge, and fifteen days on the assault charge. This Court affirmed Wood's convictions on appeal. *State v. Wood*, 597 S.W.3d 405 (Mo. App. 2020).

Wood's amended Rule 29.15 motion for post-conviction relief raised several claims of ineffective assistance of counsel by Wood's trial counsel, including two claims relevant for this appeal:

> (3) Counsel was ineffective in failing to offer at trial [name and account number of bank], executed by [Wood] and [L.S.] on April 23, 2015 either through a business record affidavit or testimony of the bank's custodian of records.
>
> (4) Counsel was ineffective in failing to obtain in admissible form and disclose to the state prior to trial bank statement records of [name and account number of bank].

Wood argued that these documents would have refuted L.S.'s testimony that Wood no longer lived at her house and that she did not have access to the joint account. He asserted that the documents would have supported the defense that he "reasonably believed he resided with [L.S.] in 2015."

The motion court held an evidentiary hearing on Wood's motion, at which Wood and trial counsel testified. Trial counsel explained that the main theory of the defense against the burglary charge was that Wood actually resided at L.S.'s house at the time of the offense. According to trial counsel, he had planned to call Wood's brother to testify regarding Wood's residence. However, Wood told trial counsel shortly before trial not to call his brother because his brother was unreliable and had psychological issues. Trial counsel attempted to introduce the bank account records, but he was not permitted to do so because he did not disclose them to the prosecutor and did not obtain them in admissible form. Additionally, trial counsel stated that he had other evidence of Wood's residence, including mail, a tax return, and Wood's driver's license, but he chose not to introduce any of them.

4

Trial counsel believed that most of these documents became irrelevant after L.S. testified that Wood often had his mail delivered to her house, despite not living there.

The motion court denied Wood's motion for post-conviction relief. With regard to Wood's bank-records claims, the motion court found that there was "no reasonable trial strategy" for failing to obtain the Agreement and Statements in admissible form and introduce them at trial. However, the motion court found that trial counsel's deficient performance did not prejudice Wood. The court reasoned that, because the agreement was signed approximately five months prior to the offense, "the exhibit would have carried limited weight to the central issue of whether [Wood] had express permission to enter or remain at the residence at the time of the offense." Therefore, the motion court ruled that Wood was not entitled to post-conviction relief on these claims or any of his other claims. This appeal followed.

**Discussion and Decision**

Wood's sole point on appeal contends that the motion court clearly erred in denying his claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that the movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong requires a movant to "show trial counsel failed to exercise the level of skill, care, and diligence practiced by a reasonably competent attorney in a similar situation[.]" *Staten v. State*, 624 S.W.3d 748, 750 (Mo. banc 2021). The prejudice prong requires a movant to show a reasonable probability that the result of the proceeding would have been different but for counsel's unprofessional errors. *Hounihan v. State*, 592 S.W.3d 343, 347 (Mo. banc 2019). "A reasonable probability exists when there is a probability sufficient to undermine confidence in the outcome." *McLaughlin*, 378 S.W.3d at 337 (internal quotation

5

marks omitted); *Tisius v. State*, 519 S.W.3d 413, 420 (Mo. banc 2017); *see Hounihan*, 592 S.W.3d at 347. If a movant fails to satisfy either *Strickland* prong, we need not consider the other. *Staten*, 624 S.W.3d at 750.

Even if we accept the motion court's finding that trial counsel was deficient in failing to obtain and introduce the bank account records, Wood has failed to show sufficient prejudice resulting from this failure. First-degree burglary requires that a defendant "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure[.]" § 569.160. "[A] person 'enters unlawfully or remains unlawfully' in or upon premises when he is not licensed or privileged to do so." § 569.010(8). A person's license or privilege to enter or remain in a residence is based upon whether the person has permission or a right to do so. *State v. Stewart*, 560 S.W.3d 531, 536 (Mo. banc 2018). "When a person has the consent of a resident to enter the home, he is not guilty of burglary[.]" *State v. Cooper*, 215 S.W.3d 123, 126 (Mo. banc 2007).

Wood's claim of prejudice relies upon his assertion that the bank records "would have made a difference" by corroborating his defense that he did not enter L.S.'s house unlawfully. However, the bank records did not show that Wood had permission or a right to enter the house at the time of the offense. As the motion court explained, the Agreement was signed in April 2015, and would have had little to no bearing upon the question of whether Wood had permission or a right to enter the house in September 2015. The Statements are dated closer in time to the offense, but they are merely documents created by a third party listing an address provided by Wood and L.S. L.S.'s house could have simply been a convenient address for Wood and L.S. to use for the account registration, particularly considering L.S.'s testimony that Wood often received his mail at her address. A name and address on a bank statement does not, in itself, establish permission or a right to enter a

6

residence, and L.S.'s clear testimony that Wood was not allowed to enter the house without her prior knowledge and permission refutes any presumption that could have been made from the Statements.

Wood emphasizes the fact that the bank account records would have refuted parts of L.S.'s testimony. He cites several cases in which courts have granted a new trial due to a failure to introduce evidence that would have refuted a State's witness. *Beckett v. State*, 675 S.W.3d 533 (Mo. App. 2023); *Gennetten v. State*, 96 S.W.3d 143 (Mo. App. 2003); *Cravens v. State*, 50 S.W.3d 290 (Mo. App. 2001). However, these cases are distinguishable because each involved testimony that, if believed, would have disproved an element of the offense. In *Cravens*, trial counsel failed to present testimony from ballistics experts that would have supported the defendant's claim that "the shooting was unintentional, thus negating the intent element" of second-degree murder. 50 S.W.3d at 295. In *Gennetten*, also a second-degree murder case, trial counsel failed to call a medical expert who would have testified that the victim's injuries were "accidentally inflicted and were not consistent with an intentional injury." 96 S.W.3d at 149. In *Beckett*, a first-degree murder case, trial counsel failed to investigate a firearms expert who would have testified that the shooting at issue could have plausibly resulted from the gun discharging unintentionally. 675 S.W.3d at 538-39. The present case differs because, as previously explained, the bank account records would not have clearly shown that Wood entered the house lawfully. At best, the records would have impeached L.S.'s testimony that she did not have access to the account, but this impeachment evidence would not have disproved an element of the offense of burglary:

> As relevant here, "[w]here a post-conviction claim is based on trial counsel's failure to investigate or call a witness at trial, proof of prejudice requires a persuasive connection between the absent testimony and a viable defense." *Martin v. State*, 526 S.W.3d 169, 194 (Mo. App. 2017). But "[t]hat standard is difficult to meet where omitted testimony is offered solely for purposes of

7

impeachment." *Id*. When the testimony of such a witness would have been offered to impeach a State witness, "relief on a claim of ineffective assistance of counsel *is not warranted* unless the testimony of the witness would also negate an element of the crime for which a movant was convicted, thus providing the movant with a viable defense." *Id.*

*Valley v. State*, 679 S.W.3d 133, 137 (Mo. App. 2023) (emphasis in original). This same principle applies to the alleged failure to offer documentary evidence, through a qualified custodian of records or records affidavit, that merely impeaches the testimony of a witness. Because the introduction of the bank records would merely have impeached the testimony of L.S., post-conviction relief is not warranted. *Proudie v. State*, 644 S.W.3d 41, 56 (Mo. App. 2022); *Harding v. State*, 613 S.W.3d 522, 530 (Mo. App. 2020).

Because Wood has failed to show prejudice resulting from trial counsel's failure to obtain and introduce the bank account records, we cannot conclude that Wood received ineffective assistance of counsel under the *Strickland* standard. Therefore, the motion court did not clearly err in denying Wood's motion for post-conviction relief. Wood's sole point on appeal is denied.

The judgment of the motion court is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR